IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH REED,  : CIVIL NO. 3:10-CV-1988
      Petitioner :
 : (Judge Munley)
v. :
 :
UNITED STATES BUREAU OF :
PRISONS, WILLIAM SCISM, :
      Respondents :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Joseph Reed ("Reed"), challenging his alleged unconstitutional federal conviction and sentence. He seeks to proceed in forma pauperis. (Doc. 4.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I. Background

From the petition, which provides few facts, it can be determined that Reed is presently incarcerated at the Low Security Correctional Institution at Allenwood serving a "crack sentence and 14 yrs of imprisonment." (Doc. 1, at 2.) He seeks to end discrimination against Blacks and Hispanics and argues that he is "imprisoned as the result of a process which includes as its basis disparity and discriminatory treatment associated with crack vs. cocaine sentencing and conversion ratios." (Doc. 1, at 1-2.) He argues that he is "imprisoned in violation of the U.S. Constitution" and "ask[s] to be immediately and unconditionally discharged & released from imprisonment." (Id. at 2.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Reed's claims do not fall within the Dorsainvil exception. They fall squarely within

2

the purview of § 2255. There is no indication that Reed has pursued his § 2255 remedy and he has made no showing that the remedy is inadequate or ineffective to test the legality of his conviction. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 5, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOSEPH REED,** : CIVIL NO. 3:10-CV-1988
        Petitioner :
         : (Judge Munley)
      v. :
         :
**UNITED STATES BUREAU OF** :
**PRISONS, WILLIAM SCISM,** :
        Respondents :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, this 5th day of October 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 4) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

                                            BY THE COURT:

                                            JUDGE JAMES M. MUNLEY
                                            United States District Court